IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALPHONSIA PERRY,

       Petitioner,

  v.

CYNTHIA MAUSSER,

       Respondent.

Case No. 2:14-cv-00454
Judge Frost
Magistrate Judge King

**REPORT AND RECOMMENDATION**

    Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *amended petitions* and affidavit in support, ECF Nos. 6, 7, 9, Respondent's *Return of Writ,* ECF No. 15,, Petitioner's replies, ECF No.16,18, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

    Petitioner has been incarcerated since November 16, 1993, and is currently serving a sentence of twenty years to life imprisonment in connection with his aggravated murder conviction in Trumbull County, Ohio.[1]  Petitioner alleges in this action that the Ohio Parole Board ("the Board") denied him release on parole in 2007 and 2013 in violation of Petitioner's rights under the due process and ex post facto clauses of the United States Constitution, because the Board relied on parole guidelines enacted in 1996, *i.e.,* after the dates of the offense and of his conviction.  Petitioner also alleges that his conviction rests on "egregious error" and "conspiracy corruption fraud" upon the trial court.  *Special Traverse* ECF No. 18, PageID# 378,

---

[1] Petitioner was also convicted on three counts of felonious assault and was sentenced to terms of imprisonment  to be served concurrently with the life sentence imposed on the aggravated murder conviction. *Return of Writ*, PageID# 221.

1

386. Petitioner also submits a newspaper article, portions of the trial transcript, and coroner and autopsy records in support of his claims. *Id.* at PageID# 392-421.

Petitioner's challenge to his 1993 conviction and to the parole board's 2007 denial of Petitioner's release on parole are barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Further, it does not appear that Petitioner has exhausted his claim regarding the parole board's 2013 denial of parole. *See Rodgers v. Capots*, 12 F.3d 214 (Table), 1993 WL 483476 (6th Cir. Nov. 23, 2003)(Where the claim is that the Ohio Adult Parole Authority has failed to perform an act that it has a clear legal duty to perform, the appropriate remedy is a state court petition for a writ of mandamus under O.R.C. § 2731.01 *et seq*.). *See also Williams v. Perini*, 557 F.2d 1221 (6th Cir. 1977).

In any event, Petitioner's challenge to the 2013 denial of parole is plainly without merit. A prisoner has no constitutional right under the due process clause to early release from incarceration prior to the expiration of his entire sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). In this case, that term is life. Moreover, "the State of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system." *Michael v. Ghee*, 498 F.3d 372, 375-76 (6th Cir. 2007).

Although a parole board's use of guidelines enacted after the date of the offense and conviction may violate the ex post facto clause if the changes serve to increase the length of the prisoner's incarceration, *see Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n. 3 (1995), Petitioner has alleged no facts showing that changes to Ohio's parole laws or guidelines have increased or will increase the length of his incarceration. *See Allen v. Collins*, 529 F. App'x 576,

582083 (6th Cir. 2013). *See also Clumm v. Warden, Chillicothe Correctional Institution*, No. 2:08-cv-365, 2008 WL 4346797 (S.D. Ohio Sept. 18, 2008); *Green v. Knab*, No. 2:09-cv-258, 2010 WL 3522479 (S.D. Ohio July 30, 2010).

It is therefore **RECOMMENDED** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
July 31, 2015